**FILED**
DEC 2 1 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

**E-filed 12/8/05**

1  KEVIN V. RYAN (SBN 118321)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  EDWIN L. JOE (SBN 112328)
4  Special Assistant United States Attorney

5  455 Market Street, 6th Floor
   San Francisco, California 94105-2420
6  Telephone:  (415) 744-8494
7  Facsimile:  (202) 481-1810 or (415) 744-6812
   Email:      edwin.joe@sba.gov
8
9  Attorneys for Federal Plaintiff

10         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF CALIFORNIA
11                    SAN JOSE DIVISION

12

13  UNITED STATES OF AMERICA,    )    E-Filing
14                               )    A05-0047MI(JWS)
         Plaintiff,              )
15                               )
         v.                      )    Civ. Action No. C05 4187 JF PVT
16                               )
    NEW VISTA CAPITAL FUND, LP   )    (Cover Sheet)
17                               )
         Defendant.              )    Stipulation on Consent Order
18                               )
                                 )
19

C05 4187 JF - Stipulation on Consent Order    -1-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, )
　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　 )   Civ. Action No. C05 4187 JF
　　　　　　　　　　　　　　　　)
NEW VISTA CAPITAL FUND, LP　)
　　　　　　　　　　　　　　　　)
　　　Defendant.　　　　　　　　)
　　　　　　　　　　　　　　　　)

## ORDER

Before this Court is the Complaint by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a permanent injunction, and the appointment of the SBA as Permanent Receiver for New Vista Capital Fund, LP. The Court, being fully advised in the merits, and based upon the consent of the parties, believes this relief should be granted. Therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of New Vista Capital Fund, LP ("New Vista"), and all of its assets, wherever located, and the United States Small Business Administration ("SBA"), is hereby appointed receiver ("the Receiver") of New Vista to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshalling and, if necessary, liquidating all of New Vista's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore

C05 4187 JF - Stipulation on Consent Order    -2-

1  possessed by the general partner, managers, officers, and directors of New Vista under applicable
2  state and federal law and by the Charter, By-Laws and Partnership Agreement of said partnership,
3  in addition to all powers and authority conferred upon the Receiver by the provisions of
4  15 U.S.C. § 687c and 28 U.S.C. § 754. The general partner, managers, directors, officers,
5  
6  employees and agents of New Vista are hereby dismissed. Such persons shall have no authority
7  with respect to New Vista's operations or assets, except as may hereafter be expressly granted by
8  the Receiver. The Receiver shall assume and control the operation of New Vista and shall pursue
9  and preserve all of its claims.

10      3.    The past and/or present officers, directors, agents, managers, general partners,
11  accountants, attorneys and employees of New Vista, as well as all those acting in their place, are
12  
13  hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents,
14  accounts and all other instruments and papers of said partnership and all other assets and property
15  of the partnership, whether real or personal. New Vista shall furnish a written statement within
16  five (5) days after the entry of this Order, listing the identity, location and estimated value of all
17  assets of New Vista as well as the names, addresses and amounts of claims of all known creditors
18  
19  of New Vista. All persons having control, custody or possession of any assets or property of New
20  Vista, including its former General Partner, New Vista Investment Partners, LLC, are hereby
21  directed to turn such property over to the Receiver.

22      4.    The Receiver shall promptly give notice of its appointment to all known officers,
23  directors, agents, managers, general partners, employees, shareholders, creditors, debtors and
24  agents of New Vista. All persons and entities owing any obligations or debts to New Vista shall,
25  
26  until further ordered by this Court, pay all such obligations in accordance with the terms thereof to
27  the Receiver, and its receipt for such payments shall have the same force and effect as if New Vista
28

C05 4187 JF - Stipulation on Consent Order    -3-

1  had received such payments.

2      5.    The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of New Vista, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

    6.    New Vista's past and/or present officers, directors, agents, managers, general partners, shareholders, employees, and other appropriate persons (including, without limitation, the defendant's portfolio of small business concerns and banks or other financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath, pursuant to a Receiver's Notice or Subpoena, to the Receiver, all questions which it may put to them regarding the business of said partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to New Vista. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the

C05 4187 JF - Stipulation on Consent Order   -4-

assets, property or business assets of New Vista or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to New Vista, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving New Vista or any assets of New Vista, involving New Vista or its present or past officers, directors, managers, or general partners or the Receiver, sued for, or in connection with, any action taken by New Vista's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of New Vista, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding.

8. All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving New Vista or any of its assets or any action of any nature taken by New Vista's present or past officers, directors, managers, or general partners sued for, or in connection with, any action taken by them while acting in their official capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9. New Vista and its past and/or present directors, officers, managers, general

C05 4187 JF - Stipulation on Consent Order   -5-

1   partners, agents, employees and other persons acting in concert or participation therewith be, and
2   they hereby are, enjoined from either directly or indirectly taking any actions or causing any such
3   action to be taken which would dissipate the assets and property of New Vista to the detriment of
4   the Receiver appointed in this cause, including but not limited to destruction of partnership records,
5   or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15
6   U.S.C. Section 661 et seq., or the regulations promulgated thereunder, (the "Regulations"), 13
7   C.F.R. § 107.1 et seq.

    10.    The Receiver is authorized to borrow on behalf of New Vista, from the SBA, up to $1,000,000, and is authorized to cause New Vista to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about ten (10) percent *per annum* and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of New Vista, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of equity holders of New Vista.

    11.    This Court determines and adjudicates that New Vista has violated the SBIA and the Regulations, as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that

//
//
//
//
//
//
//

**C05 4187 JF - Stipulation on Consent Order    -6-**

1  New Vista's license as an SBIC be revoked.

2

3  **AGREED AND CONSENTED TO:**

4  **United States Small Business Administration**

5

6

7  By:    /s/ Thomas G. Morris        8/26/05
       Thomas G. Morris, Director
8      Office of Liquidation

9
   **New Vista Capital [Fund], LP**
10

11

12 By:    /s/ Frank S. Greene         8/26/05
       Managing Member, LLC
13     [New Vista Capital, LLC, General Partner of
       New Vista Capital Fund, LP]
14

15

16 **PURSUANT TO STIPULATION, IT IS SO ORDERED**

17

18

19   /s/electronic signature authorized
   _____
20 **HONORABLE JEREMY FOGEL**
   **UNITED STATES DISTRICT JUDGE**
21

22 DATED: this  8th  day of  December , 2005.

23

24

25

26

27

28

C05 4187 JF - Stipulation on Consent Order   -7-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT**

**C05 4187 JF - Stipulation on Consent Order   -8-**

1  KEVIN V. RYAN (SBN 118321)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  EDWIN L. JOE (SBN 112328)
4  Special Assistant United States Attorney

5  455 Market Street, 6th Floor
   San Francisco, California 94105-2420
6  Telephone:    (415) 744-8494
   Facsimile:    (202) 481-1810 or (415) 744-6812
7  Email:        edwin.joe@sba.gov
8
   Attorneys for Federal Plaintiff
9
10              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
11                    SAN JOSE DIVISION
12
13
14 UNITED STATES OF AMERICA,          )    C 05 4787
15                                    )
       Plaintiff,                     )
16                                    )
       v.                             )    Civ. Action No.    JF    PVT
17                                    )
   NEW VISTA CAPITAL FUND, LP         )
18                                    )
       Defendant.                     )
19                                    )
20
21        COMPLAINT FOR RECEIVERSHIP AND INJUNCTION

22      COMES NOW Plaintiff, the United States of America, on behalf of its agency, the Small
23 Business Administration, and for its cause of action states as follows:

24              PARTIES, JURISDICTION AND VENUE
25
26
27
28
          COMPLAINT FOR RECEIVERSHIP AND INJUNCTION

1  KEVIN V. RYAN (SBN 118321)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  EDWIN L. JOE (SBN 112328)
4  Special Assistant United States Attorney

       455 Market Street, 6th Floor
       San Francisco, California 94105-2420
       Telephone:  (415) 744-8494
       Facsimile:  (202) 481-1810 or (415) 744-6812
       Email:      edwin.joe@sba.gov

   Attorneys for Federal Plaintiff

   UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA
   SAN JOSE DIVISION

   UNITED STATES OF AMERICA,       )
                                   )   E-Filing
           Plaintiff,              )
                                   )
           v.                      )   Civ. Action No. C 05 4187 JF PVT
                                   )
   NEW VISTA CAPITAL FUND, LP      )
                                   )
           Defendant.              )
                                   )

   **COMPLAINT FOR RECEIVERSHIP AND INJUNCTION**

   COMES NOW Plaintiff, the United States of America, on behalf of its agency, the Small Business Administration, and for its cause of action states as follows:

   **PARTIES, JURISDICTION AND VENUE**

   **COMPLAINT FOR RECEIVERSHIP AND INJUNCTION**                                                    1

1. This is a civil action brought by the United States on behalf of its agency, the Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§687(d), 687c, 687h; the Small Business Act, 15 U.S.C. §634(b)(1); and 28 U.S.C. §1345.

3. Defendant, New Vista Capital Fund, LP (hereinafter "New Vista" or "Licensee"), is a Delaware limited partnership that maintains its principal place of business at 161 East Evelyn Avenue, Mountain View, California, 94041. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h and 28 U.S.C. §1391(b).

### Statutory and Regulatory Framework

4. New Vista was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301(c) of the Act, 15 U.S.C. §681(c) on or about December 4, 1998 under SBA License No. 09/79-0417 solely to do business under the provisions of the Act and the regulations promulgated thereunder.

5. New Vista's general partner is New Vista Capital, LLC.

6. New Vista's Limited Partnership Agreement contains an acknowledgement by New Vista that the SBIC would be operated in accordance with the Regulations and the Act at all times.

7. Section 308(c) of the Act, 15 U.S.C. §687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

**COMPLAINT FOR RECEIVERSHIP AND INJUNCTION**  2

8. Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide leverage to licensed SBICs.

9. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided funds to New Vista through the purchase and/or guaranty of the following Participating Securities, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $9,108,629.00 as follows:

| Loan No. | Amount | Date Issued | Rate |
| --- | --- | --- | --- |
| 0201565100 | $ 108,628.96 | 11/25/97 | 6.510% |
| 0201575103 | $2,000,000.00 | 09/21/98 | 6.100% |
| 0204705100 | $ 500,000.04 | 05/13/02 | 5.199% |
| 0204705209 | $3,250,000.00 | 08/30/02 | 4.524% |
| 0204705307 | $3,250,000.00 | 10/05/02 | 4.524% |

Currently, the entire amount of the Participating Securities balance of $9,108,629.00 remains outstanding.

10. The Participating Securities described in paragraph 9, above, are subject to and incorporated by reference in the Regulations, including but not limited to the provision of 13 C.F.R. §§107.1820-1850 and §107.507.

11. Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as New Vista may be forfeited and the company may be declared dissolved.

12. Section 311 of the Act, 15 U.S.C. §687c, provides that if a determination by SBA that a Licensee such as New Vista, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may

**COMPLAINT FOR RECEIVERSHIP AND INJUNCTION**     3

make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized to appoint SBA to act as receiver for such Licensee.

## COUNT ONE

## CAPITAL IMPAIRMENT

13. Paragraphs 1 through 12 are incorporated herein by reference.

14. Section §107.1830(c) of the Regulations requires that New Vista not have a condition of Capital Impairment of greater than 60%, as that term is defined under the Regulations.

15. Based on the SBA Form 468 submitted by New Vista for the period ending September 30, 2003 SBA determined that New Vista had a condition of Capital Impairment, as that term is defined under the Regulations, as its capital impairment percentage was over 119%.

16. By letter dated December 23, 2003, SBA notified New Vista that SBA was placing New Vista into Restrictive Operations pursuant to 13 C.F.R. §107.1820(e)(3) and was imposing Restrictive Operation Remedies pursuant to 13 C.F.R. § 107.1820(f). SBA gave New Vista 15 (fifteen) days to cure their condition of capital impairment.

17. New Vista failed to cure its condition of capital impairment. Therefore as a further consequence of its condition of capital impairment, New Vista was transferred to liquidation status by SBA on January 15, 2004.

18. To date, New Vista has failed to cure its condition of Capital Impairment and the entire principal balance of Participating Securities purchased by SBA, totaling $9,108,629.00, remains outstanding.

**COMPLAINT FOR RECEIVERSHIP AND INJUNCTION** 4

19. New Vista's failure to cure its condition of Capital Impairment is a violation of §107.1830(b) of the Regulations.

20. New Vista's non-compliance with its terms of Leverage under 13 C.F.R. §107.1830(b) is also a violation of Section 13 C.F.R. §107.507(a) of the Regulations for nonperformance of the terms of its Participating Securities and nonperformance of its Application for SBIC License, which is a written agreement with SBA.

21. SBA has determined that New Vista is not in compliance with its terms of Leverage due to its uncured condition of Capital Impairment and is in violation of the Regulations, 13 C.F.R. §§107.1830(b) and 507(a).

22 As a consequence of New Vista's violation of 13 C.F.R. §§107.1830(b) and 507(a) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of New Vista.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays as follows:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining New Vista, its managers, general partners, directors, officers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of New Vista's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of New Vista, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder.

B. That this Court determine and adjudicate New Vista's noncompliance with and violation of the Act and the Regulations promulgated thereunder.

**COMPLAINT FOR RECEIVERSHIP AND INJUNCTION** 5

C.  That this Court, pursuant to 15 U.S.C. §687c, take exclusive jurisdiction of New Vista and all of its assets, wherever located, appoint SBA as receiver of New Vista for the purpose of marshaling and liquidating the assets of New Vista and satisfying the claims of creditors as determined by the Court, and such other relief as contained in the Order filed simultaneously herewith.

D.  That this Court order that New Vista's license to operate as an SBIC shall be revoked upon the wind-up and conclusion of the receivership thereof.

E.  That this Court grant such other relief as may be deemed just and proper.

Respectfully submitted,

KEVIN V. RYAN
UNITED STATES ATTORNEY

Dated: October 17, 2005        By:   /s/Edwin L. Joe
                                     EDWIN L. JOE
                                     Special Assistant United States Attorney

Of Counsel:

ARLENE M. EMBREY, ESQ.
Trial Attorney

    U.S. Small Business Administration
    409 Third Street, Seventh Floor
    Washington, D.C. 20416
    Telephone: (202) 205-6976
    Facsimile: (202) 481-0324
    Email: arlene.embrey@sba.gov